IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM MURLOW PARRETT JR., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:08-CV-983-WKW[WO] |
| ) | |
| ALLSTATE INSURANCE CO., *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff William Murlow Parrett Jr.'s Motion to Remand (Doc. # 12). Moving to remand this action to the Circuit Court of Coosa County, Alabama, for lack of diversity jurisdiction, 28 U.S.C. § 1332(a), Mr. Parrett asserts that complete diversity of citizenship does not exist because Defendant Randy Smith is a non-diverse Defendant. Defendants Allstate Indemnity Co. (improperly designated in the complaint as "Allstate Insurance Company") and Mr. Smith filed a Response (Doc. # 13), arguing that, in the absence of Mr. Smith's fraudulent joinder, complete diversity exists.  Mr. Parrett filed a Reply.  (Doc. # 14.)  For the reasons to follow, the Motion to Remand is due to be granted.

**I. STANDARD OF REVIEW**

"Diversity jurisdiction, as a general rule, requires complete diversity–every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994); *see also* 28 U.S.C. § 1332(a).  If, however, non-diverse parties are fraudulently joined to an action, their citizenship will not be considered for purposes of

determining diversity jurisdiction.  *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979) (per curiam).[1]  The Eleventh Circuit recognizes three forms of fraudulent joinder. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533, 1540 (11th Cir. 1993)).  The one relevant to this case is fraudulent joinder "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.*

The removing party bears the burden of proving fraudulent joinder, and the burden is "heavy."  *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation marks and citation omitted).  "[A]ll factual issues and questions of controlling substantive law" must be viewed in the light most favorable to the plaintiff.  *Coker*, 709 F.2d at 1440; *accord Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).  "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary."  *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007).   Although for purposes of determining fraudulent joinder, courts may consider affidavits and deposition transcripts submitted by

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

either party, in addition to the plaintiff's pleadings at the time of removal, *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005), "the jurisdictional inquiry must not subsume substantive determination," *Crowe*, 113 F.3d at 1538 (citation and internal quotation marks omitted). Courts must be "certain" of their jurisdiction and "are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* (internal quotation marks and citation omitted).

## II.  BACKGROUND

In his complaint, Mr. Parrett brings a state-law claim against Mr. Smith alleging that he was negligent "in the manner [that] he procured insurance for [Mr. Parrett]." (Compl. 3.) The complaint and the permissible evidence establish that Mr. Parrett purchased a homeowner's insurance policy from Allstate for his residence in Coosa County, Alabama. Mr. Smith is the Allstate agent who procured the policy for Mr. Parrett. Although Mr. Parrett informed Mr. Smith that the square footage of his home was approximately 1400 to 1450 feet, Mr. Smith "informed [Mr. Parrett] that he needed to put 1500 on the application since it was just an estimate, just to be safe and to qualify [him] for a certain kind of coverage." (Pl. Aff. 2.)

On July 10, 2007, while the policy was in effect, Mr. Parrett's home was destroyed by fire. Mr. Parrett's insurance claim, however, was denied. An Allstate insurance adjuster told Mr. Parrett that his "claim was being denied in part because [he] had overstated the square footage of [his] house in an attempt to defraud Allstate." (Pl. Aff. 2.)

### III. DISCUSSION

Defendants' arguments for fraudulent joinder are twofold. First, Defendants contend that there is no possibility that Mr. Parrett can prove his claim against Mr. Smith because Mr. Smith "did, in fact, procure a policy of insurance" for Mr. Parrett. (Resp. 6.) Defendants contend that a claim for negligent procurement of insurance can be maintained only when an agent fails altogether to procure any insurance for a plaintiff. (Resp. 6.) No Alabama case, however, has been cited that expressly imposes the limitation urged by Defendants, and there are cases from which an oppositive conclusion can be drawn. *See*, *e.g.*, *Hickox v. Stover*, 551 So. 2d 259, 260-61 (Ala. 1989) (discussing a claim for negligent failure to procure "full, complete, and adequate insurance for the plaintiffs"), *overruled on other grounds by Foremost Ins. Co. v. Parham*, 693 So. 2d 409 (Ala. 1997); *Kanellis v. Pac. Indem. Co.*, 917 So. 2d 149, 153 (Ala. Civ. App. 2005) (discussing a claim for negligent procurement of insurance based upon allegations that the insurance coverage obtained was inadequate). The court's only duty at this stage is to determine whether there is a possibility that an Alabama court could find that Mr. Parrett's complaint states a claim for negligent procurement against Mr. Smith. The foregoing authority negates Defendants' argument that the requisite legal possibility does not exist.

Second, relying upon an affidavit and other evidence, Defendants argue that "the information provided by [Mr.] Smith to Allstate in procuring the policy had absolutely nothing to do with Allstate's decision to deny the claim." (Resp. 7.) Mr. Parrett, however,

has presented evidence directly to the contrary. (Pl. Aff. 2 (attesting that one of Allstate's insurance adjusters told Mr. Parrett that his "claim was being denied in part because [he] had overstated the square footage of [his] house in an attempt to defraud Allstate").) This dispute in the evidence makes the claim an arguable one under state law.

## IV.  CONCLUSION

Controlling precedent requires Defendants to bear the weighty burden of establishing fraudulent joinder. That burden has not been met. Accordingly, it is ORDERED that Mr. Parrett's Motion to Remand (Doc. # 12) is GRANTED and that this case is REMANDED to the Circuit Court of Coosa County, Alabama. The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 28th day of May, 2009.

                                        /s/  W.  Keith Watkins
                                    UNITED STATES DISTRICT JUDGE